UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRAZOS DISTRIBUTORS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 6:24-cv-412 |
| v. § | |
| § | |
| GREAT NORTHERN INSURANCE § | |
| COMPANY, § | |
| § | |
| *Defendant*. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Great Northern Insurance Company ("Great Northern") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdiction exists and removal is timely.

## I.
## REMOVAL IS TIMELY

1. On July 2, 2024, Plaintiff filed its Original Petition in the matter styled *Brazos Distributors, Inc. v. Great Northern Insurance Company,* Cause No. 2024-1703-4, in the 170th Judicial District Court of McLennan County, Texas.[1]

2. On July 3, 2024, Plaintiff requested the District Clerk of McLennan County to issue citation for service of the petition on Great Northern and citation was issued on July 8, 2024. Great Northern was served with process on or about July 24, 2024.[2]

3. Great Northern filed an Original Answer on August 7, 2024.[3]

---

[1] Exhibit 1, Plaintiff's Original Petition.
[2] Exhibit 2, Return of Service of citation.
[3] Exhibit 3, Defendant's Original Answer.

4.  Under federal law, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b)(1).

5.  Great Northern files this Notice of Removal within the thirty-day time period. *See* 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely.

## II.
## DIVERSITY OF CITIZENSHIP

6.  Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently complete diversity of citizenship, and complete diversity existed on the date the state court case was filed.

7.  Plaintiff Brazos Distributors, Inc. is a Texas corporation with its principal place of business located in Waco, McLennan County, Texas. Thus, Plaintiff is a citizen of the State of Texas.

8.  Defendant Great Northern is an insurance company incorporated in the State of Indiana, with its principal place of business in New Jersey. Therefore, Great Northern is a citizen of Indiana and New Jersey.

## III.
## VENUE IS PROPER

9.  Venue is proper in the United States District Court for the Western District of Texas, Waco Division, under 28 U.S.C. §§ 124 and 1446, since it is the district and division within which such action is pending in state court.

## IV.
## AMOUNT IN CONTROVERSY

10. The amount in controversy exceeds the $75,000.00 threshold required to invoke

this Court's jurisdiction. 28 U.S.C. § 1332(a).

11. Plaintiff admits that it "seeks monetary relief of over $1,000,000…" (Pl's Pet. ¶ 4). Thus, Plaintiff's judicial admission that it seeks monetary relief of more than $1,000,000 is dispositive of the amount-in-controversy issue. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). In addition, Plaintiff's pre-suit notice letter pursuant to Texas Insurance Code Chapter 542A asserts that the specific amount owed is $440,747.03.[4] Plaintiff's pre-suit notice letter pursuant to the DTPA includes a total demand for $1,327,134.09.[5]

## V.
## REMOVAL IS PROCEDURALLY CORRECT

12. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served on Great Northern.

13. Pursuant to 28 U.S.C. § 1446(d), promptly after Great Northern files this Notice of Removal, written notice of the filing will be given to Plaintiff.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after Great Northern files this Notice of Removal, a true and correct copy will be filed with the District Clerk of McLennan County, Texas.

15. Pursuant to 28 U.S.C. § 1446(a), attached is an Appendix containing the following documents being filed with the Notice of Removal in this action:

> Exhibit 1:   Plaintiff's Original Petition;
>
> Exhibit 2:   Return of Service of Citation to Great Northern Insurance Company;
>
> Exhibit 3:   Defendant's Original Answer;
>
> Exhibit 4:   Pre-suit Demand Letters;
>
> Exhibit 5:   Case Docket Sheet (State Court Action);

---

[4] Exhibit 4, Chapter 542A Notice Letter, DTPA Notice and Demand Letter.
[5] *Id.*

Exhibit 6: Index of Matter Being Filed; and

Exhibit 7: List of all counsel of record and parties represented.

## VI.
## CONCLUSION

WHEREFORE, Great Northern respectfully requests that this action now pending in the 170th District Court of McLennan County, Texas be removed to the United States District Court for the Western District of Texas, Waco Division, and for the Court to grant Great Northern any such other and further relief to which it may be justly entitled, at law or in equity.

Respectfully submitted,

*s/ Karl A. Schulz*
Karl A. Schulz
State Bar No. 24057339
COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3933
Facsimile: (713) 512-5236
kschulz@cozen.com

ATTORNEYS FOR DEFENDANT,
GREAT NORTHERN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This certifies that on August 9, 2024, a copy of the foregoing instrument was served on the following counsel of record via email and/or e-service pursuant to the Federal Rules of Civil Procedure:

Preston J. Dugas III
Andrew D. Spadoni
DUGAS & CIRCELLI, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile:  (682) 219-0761
pdugas@dcclawfirm.com
aspadoni@dcclawfirm.com
*Attorney for Plaintiff*

*/s/ Karl A. Schulz*
Karl A. Schulz