Exhibit 1

FILED
MCLENNAN COUNTY
7/2/2024 1:43 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Madkins

CAUSE NO. 2024-1703-4

| | | |
|---|---|---|
| BRAZOS DISTRIBUTORS, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| vs. | § | 170TH JUDICIAL DISTRICT |
| GREAT NORTHERN INSURANCE COMPANY, | § § § | |
| Defendant. | § | MCLENNAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

BRAZOS DISTRIBUTORS, INC., Plaintiff herein, files this its Original Petition against Defendant, GREAT NORTHERN INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I.  PARTIES

1. Plaintiff, BRAZOS DISTRIBUTORS, INC., owns the property made the basis of this suit located at: 1201 Austin Avenue, Waco in McLennan County, Texas (the "**Property**").

2. Defendant, GREAT NORTHERN INSURANCE COMPANY ("Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, C.T. Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-4284. Service is requested by private process server at this time.

### II.  DISCOVERY

3. Plaintiff intends to conduct discovery under a Level 3 control plan pursuant to the Texas Rules of Civil Procedure.

### III.  CLAIM FOR RELIEF

4. At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this

litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.     JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in McLennan County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.     FACTUAL BACKGROUND

7.     Plaintiff, Brazos Distributors, Inc. ("Brazos") entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Brazos' Property.

8.     The agreement was drafted by Defendant and assigned Policy Number 3593-70-92 WUC (the "**Policy**"). The Policy's effective date was from July 1, 2022 through July 1, 2023 (referred to as the "**Policy Period**").

9. Coverage under the Policy covers direct physical loss or damage to the building on the Property as a result of a covered loss.

10. During the Policy Period a severe wind, hail, and rainstorm swept through Waco, Texas and hit the Property.

11. The Property suffered damages from the hail and wind that hit the Property and damaged the roof, rooftop metal objects, skylights, and many other items at the Property.

12. The severe storm caused new storm-created openings at the Property.

13. The windstorm was so severe that it caused windborne objects to impact the roof at the Property resulting in gashes and cuts to the roof also creating new storm-created openings.

14. The hail also hit the roof at the Property damaging the roofing system and leading to moisture intrusion into the roof system itself.

15. As a result of the new hail, wind, and rainstorm damage, the Property began suffering from interior water leaks throughout the building.

16. Brazos' subsequently filed a claim under the Policy.

17. Defendant assigned the claim, claim number 040523025602 (referred to as the "**Claim**").

**A.    Investigations, Reports, and Denial**

18. Shortly after Brazos reported the loss, Defendant appointed Senior Outside Property Adjuster Jarmey Lippe ("Lippe") to the Claim.

19. Despite Lippe allegedly being an adjuster capable of investigating hail and wind claims, Defendant then hired J.S. Held LLC ("J.S. Held") to investigate the Claim as well.

20. J.S. Held then assigned the Claim to one of its employees Shawn Johnson.

21. Based on information and belief, Defendant retained J.S. Held because of J.S. Held's known propensity to have a bias in favor of insurance carriers and against property owners.

22. Further, based on information and belief, Defendant retained J.S. Held in an effort to help minimize Defendant's liability on the Claim by drafting a report with the intention of limiting Defendant's liability for obviously covered damage.

23. Moreover, Defendant offered no reasonable explanation why the original adjuster assigned to the Claim was not competent to complete the inspection for damages and determine the necessary and reasonable cost to repair the covered damages by himself.

24. Defendant visited the Property on June 27, 2023 and J.S. Held visited the Property on July 10, 2023.

25. After visiting the Property Defendant received J.S. Held's deficient, and contradictory report which it failed scrutinize and question as a reasonable person would when reviewing a report.

26. Instead, Defendant accepted without question J.S. Held's bare conclusions.

27. For example, Defendant acknowledges the fact that a severe hail and windstorm was documented during the Policy Period measuring up to 1.75-inch hail failing within one mile from the Property.

28. Despite this, Defendant failed to offer any analysis of the hail event that was not the specific reported date of loss initially reported. Defendant further failed to reference other trusted sources used throughout the industry such as NOAA.

29. Defendant merely relied on J.S. Held's incomplete weather analysis because it helped to fit the narrative that a covered hail and windstorm did not occur.

30. Similarly, Defendant notes that it found evidence of water moisture intrusion on the interior of the Property to the concrete roof deck.

31. Defendant uses this to support it allegation of a non-covered loss but again fails to offer any explanation of the source of the water intrusion and rule out hail and wind damage as the source.

32. Defendant also offers no reasonable explanation as to how it was able to determine what interior water damage occurred prior to the reported loss, if any, versus interior water damage that occurred after the reported loss.

33. Defendant simply relies on conclusory and unsupported statements with very little analysis as support.

34. As reasonable review of such a document would result in a more in-depth investigation to support the bare-bones conclusions reached in J.S. Held's report.

35. Instead of reasonably evaluating the report, Defendant copied J.S. Held's two sentence conclusions, and pasted them into its July 25, 2023, denial letter sent to Brazos.

36. Upon review Brazos disagreed that the findings by J.S. Held could support a claim determination, let alone be a sufficient basis to deny its Claim for covered damages.

37. For example, as part of J.S. Held's analysis, a one square foot area on the gravel ballasted roof was swept back to view the underlying roof membrane.

38. The report stated there was no evidence of fracturing of the asphaltic material

39. However, the roof at the Property is nearly 30,000 square feet in size, and to view one square foot of the Property and attempt to apply the condition of the smaller area to the much larger area is obviously unreasonable.

40. As a result, Defendant's reliance on such unreasonable evidence and analysis resulted in an arbitrary and capricious denial of Brazos' Claim.

41. This was further evidenced by absurd statements in the report such as there being no evidence of hail damage to the metal at the Property. However, the report clearly omits any investigation or inspection of metal at the Property and again, makes only conclusory statements without support.

42. Based on information and belief, this investigation and report were completed in an effort to help limit Defendant's liability on the Claim.

43. To date, Defendant has not paid Brazos the value of its Claim under its Policy with Defendant. As a result, Brazos has incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of

Defendant's failure to pay the amount owed on the Claim. For example, the costs of repair have increased substantially since Defendant's denial of the Claim.

44. Defendant and its adjuster and engineer assigned to the Claim failed to perform a proper inspection and as a result prepared a report that failed to include all of the covered damage sustained at the Property and undervalued the damage observed during the inspection.

45. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Brazos' Claim, which resulted in a biased, unfair, and inequitable evaluation of Brazos' losses for the covered property.

**B.     Policy Compliance**

46. Brazos fully complied with all requirements under the Policy to properly notify the Defendant of the loss to its covered property.

## VI.     CAUSES OF ACTION

**A.     Breach of Contract**

47. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 46 of this Petition.

48. Defendant entered into the Policy with Brazos.

49. Brazos' Property sustained damage during the Policy Period as a result of hail and wind, both covered causes of loss.

50. Defendant has breached the terms of the Policy by wrongfully denying covered damages instead of paying the full benefits owed to Brazos under the Policy for a covered loss to the Property.

51. As a result of Defendant's breach of the Policy, Brazos has sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

**B.    Insurance Code Violations**

52.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 51 of this Petition.

*Prompt Payment of Claims Statute*

53.    As set forth above, Plaintiff was insured under the Policy during the Policy Period.

54.    During the Policy Period, a wind and hail storm swept through McLennan County, Texas and damaged Brazos' Property.

55.    As a result, Brazos gave proper notice of a claim under the Policy to Defendant.

56.    Defendant is under an obligation to promptly pay Brazos' Claim.

57.    Defendant has delayed payment of Brazos' claim for a time exceeding the period specified by statute by underpaying damages covered under the Policy and wrongfully denying damages clearly covered from the Policy. Defendant has yet to pay any amount on Brazos' Claim.

58.    Defendant failed to pay the full claim amount and delayed the payment on covered damage to the Property.

59.    To date, Defendant has not tendered payment for all of Brazos' damages arising out of its insurance Claim with Defendant.

60.    The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

61.    As a result of the insurance code violations listed above, Brazos. in addition to Brazos' claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

62.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

63. Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage when Defendant stated the damaged items at Brazos' Property was not covered under the Policy.

*Violation of § 541.060(a)(1):*

64. Defendant violated § 541.060(a)(1) by misrepresenting to Brazos a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

65. Specifically, Defendant has misrepresented the following:

    a. That the roofing system at the Property was not damaged enough to meet the deductible;

    b. That repairing the roof would not require additionally necessary materials such as new undamaged roofing materials; and

    c. That no interior damage existed at the Property as result of a covered hail, wind, and rainstorm.

66. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Brazos damages.

*Violation of § 541.060(a)(2):*

67. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Brazos' property.

68. Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

    a. Making the misrepresentations at paragraph 65;

    b. Failing to properly investigate the roof damage;

    c. Failing trace the source of interior water damage;

    d. Failing to conduct moisture tests to the roofing system;

    e. Failing to retain an unbiased third-party to help investigate the Claim;.

    f. Failing to record the obvious evidence of covered damage across the entire roof;

    g.  Failing to properly investigate the interior damage;

    h.  Misrepresenting to Brazos that the interior damage was not due to rain and water entering the Property from a wind or hail created opening;

    i.  Failing to write an estimate that included obvious covered damage from hail and wind to the roof and leaving out essential material required to properly repair and replace Brazos' Property; and

    j.  Hiring an engineer in an effort to solely deny Brazos' Claim, despite clear evidence of covered damage to the contrary.

69.  Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Brazos damages.

*Violation of § 541.060(a)(3):*

70.  Defendant violated § 541.060(a)(3) by failing to promptly provide Brazos a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claim or offer of a compromise settlement of a claim.

71.  Defendant has failed to promptly provide Brazos a reasonable explanation of the basis for Defendant's denial of the Claim. Defendant's estimate dated July 25, 2023, denial letter, was based solely on its adjuster's outcome-oriented investigation. Defendant failed to explain how the majority of the hail and wind damage across the roof was not covered and included in calculating the amount of loss when determining coverage.

72.  Defendant also failed to explain how the interior water damage was not covered despite admitting to a severe storm occurring during the Policy Period and offering no other explanation for the cause of new interior water damage.

73.  Defendant merely based its decision on its retained third-party's unreasonable and baseless report.

74.  Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Brazos' damages.

*Violation of § 541.060(a)(7):*

75.     Defendant violated § 541.060(a)(7) by refusing to pay Brazos' Claim without conducting a reasonable investigation with respect to the Claim.

76.     Specifically, Defendant has refused to pay Brazos' Claim without conducting a reasonable investigation by:

   a. Making the misrepresentations at paragraph 65;

   b. Failing to properly investigate the roof damage;

   c. Failing trace the source of interior water damage;

   d. Failing to conduct moisture tests to the roofing system;

   e. Failing to retain an unbiased third-party to help investigate the Claim;.

   f. Failing to record the obvious evidence of covered damage across the entire roof;

   g. Failing to properly investigate the interior damage;

   h. Misrepresenting to Brazos that the interior damage was not due to rain and water entering the Property from a wind or hail created opening;

   i. Failing to write an estimate that included obvious covered damage from hail and wind to the roof and leaving out essential material required to properly repair and replace Brazos' Property; and

   j. Hiring an engineer in an effort to solely deny Brazos' Claim, despite clear evidence of covered damage to the contrary.

77.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Brazos damages.

78.     Defendant has violated § 541.061 by making an untrue statement of material fact; and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. For example, Defendant claimed some interior water damage was from improper installation where the roof meets the wall.

79. However, Defendant failed to offer any explanation why this some alleged defect would cause the majority of water damage it recorded away from the walls and more in line with water intrusion from the roof membrane.

80. Instead, Defendant omitted any analysis and arbitrarily relied on an alleged small defect to deny all of the remaining interior water damage.

**C.     DTPA Violations**

81. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 80 of this Petition.

82. At all material times hereto, Brazos was a consumer who purchased insurance products and services from Defendant.

83. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

84. Defendant has violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Brazos' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

85. For example, Defendant claimed some interior water damage was from improper installation where the roof meets the wall. However, Defendant failed to offer any explanation why this some alleged defect would cause the majority of water damage it recorded away from the walls and more in line with water intrusion from the roof membrane. Instead, Defendant omitted any analysis and arbitrarily relied on an alleged small defect to deny all of the remaining interior water damage.

86.     Upon information and belief, Defendant knowingly committed the acts complained of. As such, Brazos is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Breach of The Duty of Good Faith and Fair Dealing**

87.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 86 of this Petition.

88.     Brazos and Defendant entered into a valid and enforceable insurance policy.

89.     Defendant owed Brazos the common law duty of good faith and fair dealing.

90.     Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

91.     Specifically, Defendant has breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Making the misrepresentations at paragraph 65;

   b. Failing to properly investigate the roof damage;

   c. Failing trace the source of interior water damage;

   d. Failing to conduct moisture tests to the roofing system;

   e. Failing to retain an unbiased third-party to help investigate the Claim;.

   f. Failing to record the obvious evidence of covered damage across the entire roof;

   g. Failing to properly investigate the interior damage;

   h. Misrepresenting to Brazos that the interior damage was not due to rain and water entering the Property from a wind or hail created opening;

   i. Failing to write an estimate that included obvious covered damage from hail and wind to the roof and leaving out essential material required to properly repair and replace Brazos' Property; and

   j. Hiring an engineer in an effort to solely deny Brazos' Claim, despite clear evidence of covered damage to the contrary.

92. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally or with gross negligence.

93. Defendant was aware at all times that its actions would result in the denial or underpayment of Brazos' Claim, and cause extraordinary harm associated with Brazos' Claim.

94. As a result of Defendant's acts and omissions, Brazos sustained actual damages.

## VII. ATTORNEY'S FEES

95. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 94 of this Petition.

96. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

97. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

98. Plaintiff further prays that it be awarded all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

99. Plaintiff further prays it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII. CONDITIONS PRECEDENT

100. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX. DEMAND FOR JURY

101. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

Copy from re:SearchTX

## X.   DISCOVERY REQUESTS

102. Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1–12.

## XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, consequential damages, statutory interest, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Andrew D. Spadoni*
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:    (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**